## STATE OF FLORIDA v FAIRFULL
### Case No. 87-1025CF (County Court Case No. 87-11074 CI)
Nineteenth Judicial Circuit, Martin County

November 23, 1988

## OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a finding of guilty of unlawful speed by the County Court of Martin County.

Oral argument was heard September 8, 1988.

Appellant raises three points on appeal. The first questions whether evidence of the reading of a radar speed-measuring device was properly

admitted and whether the operator of that device was properly certified. The second point deals with whether the state proved the physical capability of appellant's vehicle to reach the speed charged. The third point alleges that the fine imposed was without the trial court's discretion.

As to the first point, FS § 316.1905, provides the standards for admissibility of the readings of radar speed-measuring devices. The record contains evidence which supports a finding of fact by the trial court that a prima facie case existed that these standards were met. The trial court was not in error in admitting the testimony concerning the speed-gun reading.

The second point similarly involves a determination as to whether the evidence in the record is sufficient to support a finding of fact. Appellant offered no evidence except his own lay opinion testimony that his van could not physically have been traveling at the speed charged. The police officer who cited him for unlawful speed testified from his own observation of appellant's van and the reading of the radar speedgun device. This evidence pattern clearly supports a finding of fact that appellant's vehicle was capable of the speed for which appellant was cited.

The final appeal point is disposed of summarily. FS § 318.14(5) provides that whenever a person elects to appear before the hearing official (in this case the County Judge), he or she waives the right to pay a scheduled penalty and that the official can impose a civil penalty not in excess of $500.00. In this case appellant did elect to appear before the hearing official, and the ninety dollar penalty imposed was within the discretionary range.

Having determined that no reversible error is demonstrated, the judgment of guilt of a traffic infraction and imposition of civil penalty are AFFIRMED.

DONE AND ORDERED this 23rd day of November, 1988 in Chambers.